# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SHYGELSKI and JULIE SHYGELSKI, | : : | No. 3:16cv576 |
| Plaintiffs | : : | (Judge Munley) |
| v. | : : | |
| ALLSTATE FIRE and CASUALTY INSURANCE COMPANY, Defendant | : : : : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is Defendant Allstate Fire and Casualty Insurance Company's (hereinafter "Allstate") notice of removal.  For the following reasons, the court will *sua sponte* remand this case to the Luzerne County Court of Common Pleas.

**Background**

Plaintiffs filed a complaint in the instant action, alleging breach of an automobile insurance contract and unjust enrichment, in the Luzerne County Court of Common Pleas on March 21, 2016.  (Doc. 1, Ex. A, Compl.).  Defendants filed a notice of removal to this court on April 5, 2016.  (Doc. 1).  After careful consideration, the court finds that it does not have jurisdiction and will remand the case.

**Jurisdiction**

A defendant may remove a civil action from a state court under 28 U.S.C. § 1441(a) if the case could have been brought originally in federal court.  In this case, defendant invokes diversity jurisdiction as the basis for removal.  (Doc. 1 ¶ 9).  Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over matters in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  Defendant Allstate is an Illinois corporation with a principle place of business in Northbrook, Illinois, while the plaintiffs are citizens of Pennsylvania.  (Id. ¶¶ 6-7).  Thus, the parties meet the requirement for diversity of citizenship.  We find, however, for the reasons explained below, that the amount in controversy fails to exceed $75,000.  Accordingly, this court does not have jurisdiction over this matter.

**Legal Standard**

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case.  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993).  Moreover, federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*.  Zambelli Fireworks Mfg. Co., Inc. v.

Wood, 592 F.3d 412, 418 (3d Cir. 2010) (citation omitted); Shaffer v. GTE North, Inc., 284 F.3d 500, 502 (3d Cir. 2002).

In the removal context, a district court has the authority–indeed the obligation–to remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); see Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) ("[Section 1447(c)] allows and indeed compels a district court to address the question of jurisdiction, even if the parties do not raise the issue."). Following Third Circuit law, we strictly construe the removal statutes against removal and resolve all doubts in favor of remand. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

**Discussion**

A federal court must remand a case if the court determines that it lacks federal subject matter jurisdiction. 28 U.S.C. § 1447(c). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand."

3

Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir. 1996) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)). The burden of establishing jurisdiction in the removal situation rests with the defendant. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d at 1010.

In the instant matter, defendants' notice of removal fails to establish that we have subject matter jurisdiction. The notice of removal indicates that this court has diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1, Notice of Removal ¶¶ 1-9). Pursuant to this statutory section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).[1]

Defendant Allstate asserts a total amount in controversy of $100,000. (Doc. 1, Notice of Removal ¶ 3). Allstate bases this assertion on the fact that plaintiffs demanded damages "in excess of" $50,000 after each of the two counts in their complaint. Upon review of the plaintiffs' complaint, however, the two counts were clearly pled in the alternative, and plaintiffs

---

[1] As previously stated, the parties meet the requirement for diversity of citizenship. We find, however, for the reasons explained below, that the amount in controversy fails to exceed $75,000.

cannot recover on both.

Count I seeks damages for breach of an automobile insurance contract. Plaintiffs allege that their 2013 Ford F150 suffered sufficient damage in an April 7, 2014, accident to render it a total loss, but defendant failed or refused to pay for a replacement. (Compl. ¶¶ 5-13). Plaintiffs seek money damages for a replacement vehicle and fees for storage of the damaged Ford truck. (Id.) At the end of Count I, plaintiffs demand judgment in excess of $50,000. (Id. ¶ 13).

Count II of the complaint alleges that Defendant Allstate was unjustly enriched by collecting premiums through the life of the contract and then refusing to pay benefits after plaintiffs' accident. (Compl. ¶¶ 14-18). Plaintiffs specifically allege that "[b]y reason of the aforesaid unjust enrichment of Defendant at Plaintiffs' expense, Defendant is obligated to pay for these said storage fees and vehicle replacement value[.]" (Id. ¶ 18). In satisfaction of this obligation, plaintiffs again demand judgment in the amount of $50,000. (Id.)

For the following two reasons, we hold that Defendant Allstate has failed to establish that the amount in controversy exceeds $75,000.

First, on the face of the complaint, plaintiffs seek only "in excess of"

$50,000.[2] No reasonable and fair reading of the complaint could construe the plaintiffs' demand to be $100,000. They articulate the same basis for damages–the cost of a replacement vehicle and storage fees–in both counts of the complaint. Clearly, plaintiffs do not seek double recovery. The only amount in controversy is the cost of a replacement vehicle and storage fees. We reject, therefore, defendant's attempt to aggregate the claims in the two counts in determining the amount in controversy. See, e.g., Suber v. Chrysler Corp., 104 F.3d 578, 588 (3d Cir. 1997) ("[I]f these claims are alternative bases of recovery for the same harm under state law, [the plaintiff] could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy.").

Second, the plain language of the complaint notwithstanding, Defendant Allstate has provided no evidence upon which we could otherwise base a finding that the amount in controversy exceeds, or even approaches, $75,000. Plaintiffs submitted exhibits with their complaint

---

[2] As noted by courts in the Third Circuit, a pleading of "in excess of $50,000" is frequently utilized, as it appears that more than $50,000 must be plead in certain circumstances to avoid compulsory arbitration. See 42 PA. CONS. STAT. ANN. § 7361; PA. R. CIV. PROC. 1021(c); Int'l Fleet Auto Sales v. Nat'l Auto Credit, 1999 U.S. Dist. LEXIS 1748 (E.D. Pa. Feb. 22, 1999). As such, it amounts to little more than boilerplate, and proves nothing about the actual amount in controversy here.

alleging the "pre-loss" fair market value of their Ford F150 at $28,093.37, and the cost for a replacement at between $21,000 and $36,825. (Compl. Ex. A at 1-3). Assuming the highest amount reflected by the evidence, $36,825, the storage fees would have to total nearly $40,000 to meet the statutory threshold for jurisdiction. Defendant has provided no evidence to suggest that the fees plaintiffs incurred for storing their truck accumulated to such an exorbitant extent, and we reject the implied assertion that they did.

Thus, we have no basis upon which to find an amount in controversy exceeding $75,000, and we therefore lack subject matter jurisdiction over this case.

**Conclusion**

For the reasons stated above, the case will be remanded to the Luzerne County Court of Common Pleas. An appropriate order follows.

**Date: 4/14/16**            **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**